**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION**

| | |
|---|---|
| CLARENCE SMITH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:21 CV 164 MTS |
| ) | |
| CORPORAL T. BALIVA, ) | |
| ) | |
| Defendant. ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on the motion of plaintiff Clarence Smith, a pretrial detainee at the Cape Girardeau County Jail, for leave to commence this civil action without prepaying fees or costs. Having reviewed the motion and the financial information submitted in support, the Court has determined to grant the motion, and assess an initial partial filing fee of $1.00. Additionally, for the reasons discussed below, the Court will dismiss plaintiff's official capacity claims without prejudice and direct the Clerk of Court to issue process or cause process to be issued upon the complaint as to the defendant in his individual capacity.

### **28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to his account. 28

U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the account exceeds $10.00, until the filing fee is fully paid. *Id.*

Plaintiff has not provided the Court with a certified copy of his inmate account statement. Instead, he has advised the Court that his custodian will not provide one. The Court will therefore assess an initial partial filing fee of $1.00. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (when a prisoner is unable to provide the Court with a certified copy of his prison account statement, the Court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances.").

## Legal Standard on Initial Review

This Court is required to review a complaint filed *in forma pauperis* and must dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly,* 550 U.S at 556). Although a plaintiff need not allege facts in painstaking detail, the facts alleged "must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555. This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal,* 556 U.S. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task

that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must assume the veracity of well-pleaded facts, but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly,* 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even *pro se* complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules so as to excuse the mistakes of those who proceed without counsel. *See McNeil v. United States,* 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff filed the complaint pursuant to 42 U.S.C. § 1983 against Corporal T. Baliva, an employee of the Cape Girardeau County Sheriff's Office who works as a corrections officer at the Cape Girardeau County Jail. Plaintiff sues Baliva in his individual and official capacities. He alleges as follows.

On October 13, 2021, at approximately 11:15 p.m., Baliva forced plaintiff out of his cell, and made plaintiff arm wrestle with him. As a result, plaintiff sustained severe arm, hand, wrist, and elbow injuries, and required treatment at a hospital. He now has "really bad pain, tingling, numbing, and shooting pain in [his] hand and elbow." *Id.* He seeks monetary relief.

**Discussion**

The Supreme Court has determined that the government may detain defendants before trial and "subject [them] to the restrictions and conditions of [a] detention facility so long as those conditions and restrictions do not amount to punishment, or otherwise violate the Constitution." *Bell v. Wolfish*, 441 U.S. 520, 536-37 (1979). Here, plaintiff alleges the defendant forced him to arm wrestle with him, causing serious injuries and pain. The Court finds these allegations adequately state a claim for relief against Baliva, in his individual capacity, and will therefore require Baliva to respond to the complaint.

Plaintiff's official capacity claims against Baliva will be dismissed, without prejudice. It is a fundamental principle of § 1983 litigation that a "suit against a public official in his official capacity is actually a suit against the entity for which the official is an agent." *Elder-Keep v. Aksamit*, 460 F.3d 979, 986 (8th Cir. 2006); *see Kelly v. City of Omaha, Neb.*, 813 F.3d 1070, 1075 (8th Cir. 2016) (a "plaintiff who sues public employees in their official . . . capacities sues only the public employer"). In this case, plaintiff's allegations establish that Baliva's employer is the Cape Girardeau County Sheriff's Office or the Cape Girardeau County Jail, neither of which can be sued under § 1983. *See Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992). Additionally, the complaint contains no non-conclusory allegations of a policy or custom of unconstitutional action, as would be required to state a municipal liability claim. *See Monell v. Department of Social Services*, 436 U.S. 658, 690-91 (1978).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion seeking leave to commence this action without prepaying fees or costs, Doc. [2], is **GRANTED**.

**IT IS FURTHER ORDERED** that, within thirty (30) days of the date of this order, plaintiff must pay an initial filing fee of $1.00.  Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) this case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS HEREBY ORDERED** that the Clerk of Court shall issue process or cause process to issue upon the complaint as to defendant Corporal T. Baliva, a corrections officer at the Cape Girardeau County Jail, 216 N. Missouri, Jackson, Missouri 63755, in his individual capacity.

**IT IS FURTHER ORDERED** that plaintiff's official capacity claims against defendant Corporal T. Baliva are **DISMISSED** without prejudice. A separate order of partial dismissal will be entered herewith.

**IT IS HEREBY CERTIFIED** that an appeal from this partial dismissal would not be taken in good faith.

Dated this 8th day of February, 2022.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE